# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

_____
                                                          )
    In re:                                        )
                                                          )    Chapter 13
    JERRY A. BOYD and                   )    Case No. 09-41102-HJB
    JOANNE BOYD,                             )
                                                          )
              Debtors                       )
_____)

## MEMORANDUM OF DECISION

Before this Court is an "Application for Allowance of Compensation Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Rules of Bankruptcy Procedure and MLBR 2016-1" (the "Fee Application") filed by Carl D. Aframe ("Attorney Aframe"), counsel to Chapter 13 debtors Jerry and Joanne Boyd (the "Debtors"). Although the calculations in the Fee Application are rather confusing,[1] this Court will deem Attorney Aframe to be seeking a total allowance in the amount of $6,952.40. He is holding a retainer in the amount of $3,500.00. Accordingly and presumably, Attorney Aframe expects to collect the balance as an administrative claim under 11 U.S.C. § 507(a)(2) through payments made by the Debtors in their Chapter 13 plan.

---

[1] At some points on pages 1 and 2 of the Fee Application, Attorney Aframe appears to be seeking a total allowance of fees ($6,952.40) *and* expenses ($379.90), totaling $7,332.30, and payment of that sum less his retainer of $3,500.00. This would presumably leave a net amount due of $3,832.30. At other points in the same analysis, Attorney Aframe requests an additional payment of only $3,452.40 (suggesting that he is not seeking reimbursement for his claimed expenses). Inasmuch as this kind of disparity ought to be construed against the drafter of the document, and because the amount of $3,452.40 is repeated throughout pages 1 and 2 of the Fee Application, this Court will deem Attorney Aframe to be requesting a total of $6,952.40 and payment, net of his $3,500.00 retainer, in the amount of $3,452.40. In view of the holding below, the differences are mooted in any event.

1

The standards for allowance of compensation are not new. See In re LaFrance, 311 B.R. 1, 19-22 (Bankr. D. Mass. 2004). Nor is it uncommon in a Chapter 13 case that complexities should arise requiring services that extend beyond the norm. Id. at 21. But where an application for compensation in a Chapter 13 case is substantially higher than the average fee charged in such cases, it is incumbent upon the applicant to demonstrate with specificity why the amount sought is reasonable. See 11 U.S.C. § 329.[2]

Here, the fee requested by Attorney Aframe is approximately twice the amount which the Court is accustomed to seeing in Chapter 13 cases in this district. It was therefore with great interest that the Court reviewed the narrative description of services required under Massachusetts Local Bankruptcy Rule 2016-1(a)(1)(G). In that narrative, consisting of five paragraphs, Attorney Aframe submits that he: (1) met with the Debtors; (2) calculated the means

---

[2] Section 329 of the Bankruptcy Code provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

    (1) the estate, if the property transferred—

        (A) would have been property of the estate; or

        (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

    (2) the entity that made such payment.

11 U.S.C. § 329.

test under § 707(b) and determined that the Debtors were below the median (thereby avoiding its complexities); (3) prepared the Debtors' schedules; (4) filed a Chapter 13 plan which stripped off a wholly unsecured second mortgage; (5) was able to resolve a lender's objection to the plan without a hearing; and (6) filed an amended plan. There is no more.

An allowance of $6,952.40, approximately twice the norm, has not been justified in this case. The Fee Application describes only a garden-variety Chapter 13 case with few complexities, if any.[3] It was Attorney Aframe's burden to demonstrate that the requested compensation did not exceed the reasonable value of his services. LaFrance, 311 B.R. at 21. He failed to do so. Accordingly, this Court will allow the Fee Application in the amount of $3,500.00, an amount equal to Attorney Aframe's retainer. There will be no further allowance or payment from the Chapter 13 plan itself.

A separate Order in conformity with this Memorandum of Decision shall issue forthwith.[4]

DATED:    September 16, 2009        By the Court,

_____
Henry J. Boroff
United States Bankruptcy Judge

---

[3] At the hearing on the Fee Application, Attorney Aframe attempted to persuade the Court that the additional time his office spent on the case was partly attributable to the presence of Jerry Boyd in Attorney Aframe's building, where Mr. Boyd performs maintenance services, and Mr. Boyd's habit of stopping by Mr. Aframe's office for conversation. The Court found that argument unpersuasive.

[4] This order may require the Debtors to file an amended plan. If so, Attorney Aframe is expected to assist the Debtors with its preparation for no additional charge.